United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30668
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST MILLER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:03-CR-91-ALL-N
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earnest Miller appeals his conviction and sentence, following a jury trial, for the following offenses: possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count 1); possession of an indeterminate quantity of cocaine base with intent to distribute, in violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

21 U.S.C. § 841(a) (count 2); and possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court imposed the following sentence, enhanced under the Armed Career Criminal Act ("ACCA") and armed-career-criminal guideline, 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4: concurrent prison terms of 262 months as to count 1 and 240 months as to count 2; a consecutive 60-month prison term as to count 3; and concurrent supervised release terms of, respectively, five, three, and five years.

For the first time on appeal, Miller argues that his sentence, as determined pursuant to the sentencing guidelines, is unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004).[1] He contends that the offense level for his cocaine-base-possession charge, which was determined by the district court to have been 26, should have been only 12, the offense level for a minimum quantity of cocaine base.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Court held that, "'[o]ther than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

---

[1] Miller also emphasizes that, in Booker v. United States, No. 04-104, which was pending in the Supreme Court when Miller filed his briefs herein, that Court was considering whether to extend Blakely to the federal sentencing guidelines. A decision was issued in Booker after briefing had been completed here. United States v. Booker, 125 S. Ct. 738 (2005).

doubt.'" In <u>Blakely</u>, 124 S. Ct. at 2537, the Court held that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

In <u>Booker</u>, 125 S. Ct. at 756, the Court extended <u>Blakely</u> to the <u>federal</u> guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt." The Court excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the guidelines effectively advisory rather than mandatory. <u>Id.</u> at 764-65. Under <u>Booker</u>, district courts are still required to consider the guidelines, and <u>Booker</u> applies to this direct appeal. See <u>id.</u> at 757-69.

A challenge under <u>Blakely</u> and <u>Booker</u> that is raised for the first time on appeal, however, is reviewable only for plain error. <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517). Even if the district court plainly erred by enhancing Miller's guideline sentence based on factors not submitted to the jury, Miller cannot prevail on appeal unless he shows that the error affected his "substantial rights." <u>Id.</u> at 521. This requires him to show that the district court would have reached a "significantly different result" under an advisory sentencing regime. <u>Id.</u> Miller cannot

make that showing, because at trial he stipulated that cocaine base was found in his home, and the stipulation referred directly to a police report showing that 6.0 grams of the substance was recovered.

Miller also contends, for the first time on appeal, that his ACCA sentence is unconstitutional under Blakely. In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Court held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate element of a criminal offense. Apprendi left Almendarez-Torres intact; as noted above, Apprendi states that the "fact of a prior conviction" need not be submitted to a jury. See Apprendi, 530 U.S. at 489-90.

The holding in Booker applies to "[a]ny fact (other than a prior conviction)." Booker, 125 S. Ct. at 756. Accordingly, the line of authority from Almendarez-Torres to Booker does not require that a prior conviction be treated the same way as other factors that affect a sentence. Even if Booker did render Miller's ACCA and § 4B1.1 sentence unconstitutional, there is not enough information in the record to justify a conclusion that the district court plainly erred in determining that Miller's armed-robbery convictions were sufficiently separate that they qualified as the "two prior felony convictions" necessary to support the armed-career-criminal enhancements. See Mares, 402 F.3d at 521; U.S.S.G. § 4B1.1.

The conviction and sentence is AFFIRMED.